**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4213

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY TREVARIS ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00231-CCE-1)

Submitted:  May 21, 2026                    Decided:  May 26, 2026

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Clifton T. Barrett, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Trevaris Robinson pled guilty pursuant to a plea agreement to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Robinson to 120 months' imprisonment, below his advisory imprisonment range under the Sentencing Guidelines of 151 to 188 months. On appeal, Robinson argues that his prison term is substantively unreasonable. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). "First, we determine whether the district court has committed significant procedural error." *United States v. McKinnie*, 21 F.4th 283, 289 (4th Cir. 2021); *see United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019) (noting that we must "review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable," even if parties do not address matter in their briefs). Such error includes improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "Second, we consider whether the sentence imposed was substantively reasonable." *McKinnie*, 21 F.4th at 289. "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines

2

range is presumptively reasonable." *Id.* (internal quotation marks omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024) (internal quotation marks omitted).

We are satisfied that Robinson's 120-month prison term is procedurally reasonable. The district court did not reversibly err in calculating Robinson's advisory imprisonment range under the Guidelines. The court also afforded counsel an adequate opportunity to argue for an appropriate sentence and heard Robinson's allocution. After considering argument and allocution, the advisory Guidelines' range, letters supporting Robinson, and the § 3553(a) factors, the court provided an adequate explanation for its chosen sentence in which it noted and addressed defense counsel's arguments for a lower sentence.

We also conclude that the prison term is substantively reasonable. The district court emphasized Robinson's criminal history and the fact that his offense conduct occurred while he was on state post-release supervision. The court stressed the needs for the sentence to reflect the seriousness of Robinson's offense conduct, to afford adequate deterrence to criminal conduct, and to protect the public. Against these aggravating facts, the district court weighed Robinson's age and behavior in refraining from criminal activity for a period of time. After considering the aggravating and mitigating facts in the context of the § 3553(a) factors, the district court reasonably arrived at a sentence of 120 months' imprisonment. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). Robinson does not overcome the presumption of

3

reasonableness accorded to his below-Guidelines prison term, and we discern no abuse of discretion in the district court's imposition of that term.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*